UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARNELL LAKEITH KENO,

      Petitioner,

v.                                   Case No. 8:03-cv-1230-T-23TBM

JAMES V. CROSBY, JR.,

      Respondent.

_____/

## O R D E R

      Keno petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges both the validity of his conviction for armed robbery with a weapon and his enhanced sentence of life imprisonment.  The response (Doc. 10) to the petition is supported by numerous exhibits ("Respondent's Exhibit").  The respondent admits that the petition is timely (Response at 5, n.3, Doc. 10) but challenges the review of some grounds for procedural reasons.  Having considered the arguments of the parties and reviewed the record, this court concludes that the petition is meritless.

## PROCEDURAL DEFAULT

      A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in the procedurally correct manner.  Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).  The procedurally correct way to raise a claim of trial court error is on direct appeal.  The procedurally correct way to raise a claim of ineffective assistance of trial counsel in the Florida state courts is in a motion

for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The procedurally correct way to present the Florida state courts with a claim of ineffective assistance of appellate counsel is in a petition for the writ of habeas corpus filed with the appropriate Florida District Court of Appeal.  Keno's petition presents claims of trial court error and ineffective assistance of both trial and appellate counsel.  The respondent argues that Keno procedurally defaulted three of the grounds alleged in the federal petition.

First, the respondent argues that Keno procedurally defaulted Ground One by either waiving or forfeiting his claim that the trial court erred in denying his pre-trial, pro se motion to dismiss counsel.  The public defender was appointed to represent Keno against charges of possession of cocaine and drug paraphernalia (97-15385), dealing in stolen property (98-10860), and robbery with a deadly weapon (98-3838).  Keno filed a motion to dismiss counsel (Respondent's Exhibit 14 at 18) in which he claimed that counsel had a conflict of interest and that counsel was not interested in representing him against the pending charges.  Three weeks later the trial court summarily denied the motion based on vagueness and the failure to aver sufficient grounds to establish a conflict of interest (Respondent's Exhibit 14 at 20).  After another three weeks trial commenced for the robbery charge at which Keno was represented by the attorney who was the subject of the motion to dismiss.  Keno did not renew his motion to dismiss or otherwise object to the representation by the appointed counsel.  Keno was found guilty of the robbery charge, and at the sentencing hearing four weeks later, Keno pled guilty to the remaining two informations.  During the plea colloquy Keno stated that he was satisfied with his attorney (Transcript of Sentencing at 26, Respondent's Exhibit 14).

After accepting the guilty pleas, the trial court sentenced Keno to time served for the dealing in stolen property charge, twenty-five months for the drug charge, and life imprisonment for the robbery with a deadly weapon charge.

On direct appeal, Keno argued that the trial court erred in summarily denying the motion to dismiss without conducting a hearing.  Keno presents the same claim in his federal petition.  In opposing the direct appeal, the state argued that Keno forfeited the claim by not objecting at the time of trial or that Keno waived the claim by stating at the guilty plea hearing that he was satisfied with counsel's representation.[1]

Second, the respondent argues that Keno procedurally defaulted Ground Four, which is related to Ground One.  Keno filed a state petition for the writ of habeas corpus in which he alleged that appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the denial of the motion to dismiss counsel was subject to review as an abuse of discretion.[2]  Keno presents the same claim in his federal petition. In opposing the state court petition, the state argued that the claim is precluded from review because Keno's challenge to the denial of his motion to dismiss counsel was rejected on direct appeal.

Third, the respondent argues that Keno procedurally defaulted Ground Three, which alleges that Keno was denied a fair trial because the trial judge rejected giving a

---

[1] The respondent cites a collection of state cases holding that a defendant must renew his motion to dismiss counsel or otherwise object to the representation by counsel at the time of trial (Response at 10, Doc. 10).

[2] On direct appeal, appellate counsel argued only that the trial court erred in not holding a hearing—the substance of Ground One in the federal petition.

requested jury instruction.[3]  The state opposed the jury instruction as untimely.  Rule

3.390(c), Fla.R.Crim.P., requires counsel to submit to the court any proposed jury

instructions "[a]t the close of the evidence, or at such earlier time during the trial as the

court reasonably

directs. . . ."  Keno's defense counsel did not request the proposed instruction until after

closing arguments concluded.  The trial judge rejected the requested instruction with the

notation "Denied as untimely (after closing)" (Respondent's Exhibit 14 at 46).  On direct

appeal the state argued that the requested instruction was properly rejected as

untimely.

On direct appeal, the state appellate court affirmed the conviction in a per curiam

decision without a written opinion (Respondent's Exhibit 10).  Similarly, the state

appellate court rejected Keno's petition for the writ of habeas corpus, which alleged the

denial of the effective assistance of appellate counsel, in a per curiam decision without

a written opinion (Respondent's Exhibit 19).  Generally, before a claim is procedurally

barred from federal review, a state court must reject reviewing the claim that was

presented in an incorrect manner.

> Thus, the mere fact that a federal claimant failed to abide by a state
> procedural rule does not, in and of itself, prevent this Court from reaching
> the federal claim: "The state court must actually have relied on the
> procedural bar as an independent basis for its disposition of the case."

Harris v. Reed, 489 U.S. 255, 262 (1989), quoting Caldwell v. Mississippi, 472 U.S. 320,

327 (1985).  But because the appellate court did not issue a written opinion on either

---

[3] The requested instruction was the following: "The evidence that the Defendant has been
convicted of crimes should be considered by you only in weighing the credibility of the defendant's
testimony and not for any other purpose" (Respondent's Exhibit 14 at 46).

the direct appeal or in denying Keno's petition for the writ of habeas corpus, the record

fails to contain "a 'plain statement' that [the state court's] decision rests upon adequate

and independent state grounds." Harris v. Reed, 489 U.S. at 261, quoting Michigan v.

Long, 463 U.S. 1032, 1042 (1983).  However, because the state argued procedural

default, and the state court did not reject that argument, the state court is presumed to

have applied the state's procedural default rules.  Bennett v. Fortner, 863 F.2d 804, 807

(11th Cir.)("[W]hen a procedural default is asserted on appeal and the state appellate

court has not clearly indicated that in affirming it is reaching the merits, the state court's

opinion is based on the procedural default."), cert. denied, 490 U.S. 1071 (1989),

Nichols v. Wainwright, 783 F.2d 1540, 1542 (11th Cir. 1986)("[T]his court may presume,

in the absence of any evidence to the contrary, tha[t] an established default rule which

was briefed to a state court was applied by that court when it affirmed a conviction

without opinion.").  Consequently, Keno procedurally defaulted Grounds One, Three,[4]

and Four.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

governs these proceedings.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209,

---

[4] Keno also failed to fairly present the state courts with the federal claim asserted in Ground Three.  On direct appeal, Keno failed to argue the substance of Ground Three as a federal claim (Initial Brief of Appellant at 27, Respondent's Exhibit 1).  Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds.  Duncan v. Henry, 513 U.S. 364, 365-66 (1995)("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which

creates a highly deferential standard for federal court review of state court

adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States;
> or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court

interpreted this deferential standard:

> In sum, §2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied--the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal Law, as
> determined by the Supreme Court of the United States," or (2) "involved
> an unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly

established federal law is objectively unreasonable, . . . an unreasonable application is

different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002).  Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001)("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Keno's convictions and sentences were affirmed on direct appeal in a per curiam decision without a written opinion (Respondent's Exhibit 10).  The denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another per curiam decision without a written opinion (Respondent's Exhibit 26).  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Keno has the burden of overcoming all state court factual determinations by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, this court must defer to the findings of fact found by the trial court when it rejected Keno's post-conviction claims of ineffective assistance of counsel (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 22).  However, because Keno's conviction and sentence were affirmed on direct

appeal without a written opinion, there are no findings of fact to which this court can defer regarding Keno's second ground for relief.

## DIRECT APPEAL

Ground Two:

Keno was sentenced to life imprisonment pursuant to Florida's Prison Releasee Reoffender Act ("Act"), Section 775.082(8), Fla. Stat. (1997).  The Act requires a judge to impose the maximum sentence for a person who commits certain specified offenses within three years after release from a state correctional facility.  In Ground Two Keno challenges the constitutionality of the Act and argues that his life sentence is disproportionate and as a consequence violates the Eighth Amendment's proscription against cruel and unusual punishments.

Keno's challenge to the constitutionality of the Act fails.  Statutes that require increased sentences for repeat offenders "ha[ve] been sustained against contentions that they violated 'constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'"  Rummel v. Estelle, 445 U.S. 263, 268 (1980), quoting Spencer v. Texas, 385 U.S. 554, 560 (1967).  In fact, recidivist statutes have existed in this country since its founding.  "Rummel offers detailed charts and tables documenting the history of recidivist statutes in the United States since 1776."  Rummel v. Estelle, 445 U.S. at 277. Moreover, long ago the Supreme Court rejected an Eighth Amendment challenge to a recidivist statute that imposed a life sentence for a third conviction of theft.  Graham v.

- 8 -

West Virginia, 224 U.S. 616, 631 (1912). Keno has not shown that the state court's rejection of his challenge to the constitutionality of the Act is "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by Section 2254(d).

Keno's challenge to the constitutionality of his sentence based on proportionality also fails. Rummel v. Estelle, 445 U.S. at 271-72, recognized that "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime," but "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Solem v. Helm, 463 U.S. 277, 290 (1983), held "that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." But Solem's proportionality requirement was questioned in Harmelin v. Michigan, 501 U.S. 957, 965 (1991)(plurality opinion)("We conclude from this examination that Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee."). More recently, the Court has clarified Solem and Harmelin, ruling that the "gross proportionality" standard established in Rummel is "clearly established" within the meaning of Section 2254(d). "Through this thicket of Eighth Amendment jurisprudence, one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). The Court recognized that "the precise contours of [the gross disproportionality principle] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Lockyer v. Andrade, 538 U.S. at 73.

Keno was sentenced to life imprisonment as mandated by the Act for his conviction of robbery with a deadly weapon.[5]  Keno's sentence is not disproportionate to the sentence the Court approved in Rummel, in which a mandatory life sentence was imposed pursuant to the Texas recidivist statute for the theft by false pretenses of one hundred-twenty dollars.  Moreover, Keno threatened the life of his victim with a knife, whereas Rummel's theft did not include any threat or violence.[6]  Keno cannot show that the state court's rejection of his proportionality claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by Section 2254(d).

### POST-CONVICTION CLAIMS OF
### INEFFECTIVE ASSISTANCE OF COUNSEL

Ground Five:

Keno asserts three claims of ineffective assistance of trial counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)(en banc)(quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim.

---

[5] The victim testified that Keno approached him at a gas station and asked for money so Keno could buy some gas.  The victim gave Keno some money and then drove Keno across the street to where Keno represented his car was parked.  The victim testified that before leaving, Keno pulled out a knife and held it four inches from the victim's chest and said "give me $20.00."  When the victim started to retrieve his wallet, Keno warned the victim not to pull a gun or he would kill the victim.  The victim said he had only fifteen dollars, which he gave to Keno while the knife was still pointed at him (Transcript of Trial Proceedings at 16-17, Respondent's Exhibit 14).

[6] Rummel obtained a check from a business based on his false representation that he was an air conditioning repairman and would replace a defective compressor.  Rummel v. State, 509 S.W.2d 630, 631 (Tex. Crim. App. 1974).

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to <u>Strickland</u>, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052.

<u>Sims v. Singletary</u>, 155 F.3d 1297, 1305 (11th Cir. 1998).

<u>Strickland</u> requires proof of both deficient performance and consequent prejudice.  <u>Strickland v. Washington</u>, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); <u>Sims v. Singletary</u>, 155 F.3d at 1305 ("When applying <u>Strickland</u>, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Strickland v. Washington</u>, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  <u>Strickland v. Washington</u>, 466 U.S. at 690.  <u>Strickland</u> requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  <u>Strickland v. Washington</u>, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Keno must demonstrate that any alleged error by counsel prejudiced the

defense.  Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Keno

must show "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different.  A reasonable probability is a

probability sufficient to undermine confidence in the outcome."  Strickland v.

Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of

law and facts relevant to plausible options are virtually unchallengeable; and strategic

choices made after less than complete investigation are reasonable precisely to the

extent that reasonable professional judgments support the limitations on investigation."

Strickland v. Washington, 466 U.S. at 690-91.  Keno cannot meet the burden of

Strickland by showing that, in hindsight, the avenue chosen by counsel proved

ineffective.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v.

United States, 218 F.3d 1305, 1313 (11th Cir. 2000)("To state the obvious:  the trial

lawyers, in every case, could have done something more or something different.  So,

omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or

appropriate, but only what is constitutionally compelled.'")(en banc)(quoting Burger v.

Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751

(1983)(counsel has no duty to raise frivolous claims).

- 12 -

As stated above, Keno must prove that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Consequently, the state court's determination of each of Keno's claims largely governs this court's review of those same claims.

The three claims of ineffective assistance of counsel asserted in Ground Five of the federal petition are the same claims unsuccessfully presented in Keno's state Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 21). The state court rejected each claim as follows:

> 1. <u>The Defendant was denied the effective assistance of counsel by counsel's failure to file a timely pretrial motion to dismiss or motion to exclude a brown pocket knife</u>.
>
> The Defendant claims his attorney failed to file a motion to dismiss or exclude a brown pocket knife that was recovered from him in a search incident to his arrest. The Defendant contends that due to the differences in the knife that was entered into evidence and the description given by the victim, that the probative value of the evidence was outweighed by the prejudice. The Defendant claims that had counsel filed the motion to exclude the evidence and it was granted, the jury would have [been] more apt to believe the Defendant's version of the incident or would have convicted him of a lesser offense.
>
> The Defendant's Motion is denied. The differences in description as testified to by the victim and as pointed out by defense counsel, would not have led the court to exclude the evidence on the grounds of unfair prejudice. <u>See</u> <u>McClain v. State</u>, 525 So.2d 420 (Fla. 1988)(Observing that in weighing the probative value against unfair prejudice, the court should consider the tendency of the evidence to suggest an improper basis for the jury for resolving the matter, such as an emotional basis). The Defendant's reliance on cases such as <u>Huhn v. State</u>, 511 So.2d 583 (Fla. 4th DCA 1987) is misplaced because here there was evidence linking the knife to the offense charged.

2.  The Defendant was denied the effective assistance of counsel by counsel's false accusations regarding the victim's testimony.

The Defendant contends his attorney was ineffective when he objected during the prosecutor's summation regarding the victim's assertion that the Defendant had a knife at the time of the crime.  The defendant contends his attorney's objection was not well taken as the victim had testified that a knife was used during the incident and the Defendant claims this prejudiced him in that it made it more likely that the jury did not believe his defense in light of the failed objection.

The Defendant's Motion is denied.  First, since the objection was overruled, it is unlikely that counsel's unsuccessful objection had such a prejudicial effect on the case such that the outcome of the proceeding would have been different had counsel not made the objection.  Further, the Defendant's allegations of prejudice are based upon speculation as to what the jury would have thought about counsel's objections in light of the court's cautionary instructions regarding counsel's comments.

3.  The Defendant was denied the effective assistance of counsel by counsel's failure to object to or ask for a mistrial concerning improper closing argument.

The Defendant claims his attorney failed to object to the prosecutor's summation statement regarding the victim's description of the knife that was introduced into evidence.  The Defendant claims the prosecutor's argument was improper because it addressed matters not supported by the evidence.

The Defendant's Motion is denied.  Considering the length of the summation and rebuttal of the prosecutor, the one isolated comment, which probably was not improper anyway, would not meet the standard for a new trial if an objection had been made.  See Vorhees v. State, 697 So.2d 602 (Fla. 1997)(Holding that in order to merit a new trial, prosecutorial misconduct in summation must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise).

(Respondent's Exhibit 22 at 1-3, references to attachments omitted).  The underlying

basis for each of the claims of ineffective assistance of counsel is a question of

admissibility of evidence (admissibility of a pocket knife and propriety of closing arguments).

Federal courts possess only limited authority to consider state evidentiary rulings in habeas corpus proceedings.  Burgett v. Texas, 389 U.S. 109, 113-114 (1967). Rather, a federal court's inquiry into state evidentiary rulings is limited to an examination of whether the state violated federally guaranteed rights,  Nordskog v. Wainwright, 546 F.2d 69, 72 (5th Cir. 1977), such as the denial of fundamental fairness.  Hall v. Wainwright, 733 F.2d 766, 770 (11th Cir. 1984).  "As a guideline for applying the criterion of fundamental fairness, the erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is material in the sense of a crucial, highly significant factor."  Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir. 1982)(citations omitted).  The category of infractions that violate fundamental fairness is narrowly defined.  Estelle v. McGuire, 502 U.S. 62, 73 (1991).  For the most part, evidentiary rulings simply do not raise questions of a constitutional magnitude.

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981).  State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases.  Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S. 975 (1993).  The essence of the state court's rejection of Keno's claims of ineffective assistance of counsel was that, even if counsel's alleged failings were deficient

- 15 -

performance, Keno failed to show that he was prejudiced by counsel's actions.  Keno has failed to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.  Consequently, Keno has not shown that the state court's decision was either contrary to or an unreasonable application of law as required by Section 2254(d).

Accordingly, Keno's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Keno and close this action.

ORDERED in Tampa, Florida, on September 21, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro